Commonwealth *v*. Daugherty.

95

Argued May 9, 1973, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Frank A. Conte,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and
*Israel Packel,* Attorney General, for appellee.

Opinion by Judge Wilkinson, May 29, 1973:
This is an appeal from an order of the Secretary of
Transportation suspending appellant's certificate of ap-

pointment as an official inspection station for a period of six months. The appeal was taken originally to and a de novo hearing conducted by the Court of Common Pleas, Civil Division, of Washington County, which court dismissed the appeal. On appeal of that decision to this Court, it was determined that pursuant to the provisions of section 403 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, 17 P.S. §211.403, the appeal should have been directly to this Court from the order of the Secretary. *See Hartman v. Commonwealth*, 6 Pa. Commonwealth Ct. 409, 295 A. 2d 850 (1972). However, under the circumstances this Court accepted the appeal on the stipulation of both parties that the record made before the Court of Common Pleas of Washington County be considered the entire de novo record before this Court as if on direct appeal.

Having reviewed the record, and relying principally on the testimony of the appellant without regard to the very substantial credible additional testimony, the order of the Secretary must be sustained and the appeal dismissed.

On December 29, 1971, the appellant personally inspected a motor vehicle and placed a sticker thereon. On January 5, 1972, the vehicle was stopped by a member of the Pennsylvania State Police who noted that a number of items existed on the vehicle that made the placing of an inspection sticker on the vehicle improper. On the next day, a different member of the Pennsylvania State Police, a supervisor of inspection stations, made a visual inspection of the vehicle and on January 12, 1972, gave it a detailed inspection, noting approximately 14 items which did not meet the minimum requirements of the Motor Vehicle Inspection Regulations. Both of the officers testified as did the appellant and the owner of the vehicle.

Appellant's defense is that many of the items complained of were, or could have been, caused by an accident which the vehicle's owner testified a girl friend had while driving the vehicle "probably about January first or second." In addition, two of the unacceptable conditions, i.e., tires with insufficient tread and a broken window, were accounted for by the owner who testified that he had changed the tires and that a friend had broken the window "the day after I wrecked it or something." There were several items that the credible testimony establishes were not caused by the accident. Indeed, the appellant himself testified that some of them might have existed at the time of his inspection, and he failed to note them because of mud! He accounted for noting on the inspection record that the brake lining was 75% when, in fact, it was 45%-50% by stating that "I put the gauge on it, yes, but didn't read it."

A careful review of the entire de novo record leaves us to find that the Secretary of Transportation did not abuse his discretion in ordering the six-month suspension.

The charges that were filed against appellant for faulty inspection under section 819(f) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §819(f), before the Justice of the Peace, were dismissed. Although not raised as a matter of law in the petition for appeal, the appellant argues before us that a conviction is a sine qua non to a suspension. He does not cite any case so holding and we have not found any. The law is to the contrary for the very good reason that the burden of proof on the criminal charge is quite different from the burden of proof in the civil proceeding for the suspension of the license. *See Yockers v. Department of Transportation,* 4 Pa. Commonwealth Ct. 95, 285 A. 2d 893 (1972); *Las Vegas Supper Club, Inc. Liquor License Case,* 211 Pa. Superior Ct. 385, 237 A. 2d 252 (1967).

98

ORDER

Now, May 29, 1973, this appeal is dismissed and the order of the Secretary of Transportation, dated May 25, 1972, is reinstated.