Mildred M. Kostik, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee, and Thorofare Markets, Inc., Intervening Appellee.

Argued January 10, 1974, before Judges Kramer, Wilkinson, Jr. and Rogers, sitting as a panel of three.

*Rabe F. Marsh, III,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

*John G. Wayman,* with him *John T. Tierney, III,* and *Reed, Smith, Shaw & McClay,* for intervening appellee.

OPINION BY JUDGE WILKINSON, February 5, 1974:

Claimant-appellant applied for unemployment compensation as a result of being discharged by her employer, appellee, on May 16, 1972. The Bureau of Employment Security made a determination on August 8, 1972, that no definite proof had been offered that the conduct for which claimant-appellant had been discharged could be considered wilful misconduct. On appeal, a hearing was held by the referee and evidence offered by both the claimant-appellant and employer-appellee.

The referee, on December 1, 1972, concluded: "The claimant's action was a breach of duty owed to her employer and was an act so inimical to the employer's best interests that discharge was a natural result. Accordingly, the claimant is disqualified under the provisions of Section 402(e) of the law."[1]

---

[1] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, Section 402(e), as amended, 43 P. S. §802(e).

On December 8, 1972, an appeal was filed with the Unemployment Compensation Board of Review which, by unanimous decision on April 12, 1973, concluded that the determination of the referee was proper and disallowed the appeal. We must affirm.

There is no substantive dispute on the facts. Claimant-appellant, a 51-year old woman, for almost 15 years had been employed as a meat wrapper by employer-appellee. Her rights in the retirement program would have been vested in about two months. On the last day of her employment, she was weighing and pricing chicken breasts and chicken quarters for a sale that was to take place the next day. Chicken breasts were specially priced for the sale at 79 cents per pound and chicken quarters at 39 cents per pound. At about 3:00 p.m., claimant-appellant was notified that her son had suffered a head injury and was in the hospital. She requested permission to go to the hospital, but it was not granted because two other girls were off work and there was a great deal of work to do. She received a call from her husband that he had gone to the hospital and, as she testified, "so I tried to make the day out."

At about 9:00 p.m. as she was leaving the store, she was apprehended by a member of the security force who checked her packages and found that she had a package of boiled ham, sliced, and priced at 99 cents per pound when the proper price, according to the employer-appellee, should have been $1.19 per pound. At that time, in her written statement, and at the hearing, claimant-appellant insisted that she was entitled to have charged the price of 99 cents because either she or a fellow-employee had sliced the ham.[2] However, the security check also revealed that she had a package of

---

[2] At various places in her testimony, claimant-appellant testified that she sliced the ham for herself and at other places that another employee had sliced it.

chicken breasts which she had originally specially marked for the sale at 79 cents per pound, but then partially removed that price marker and placed over it a price marker showing the price of 39 cents per pound.

At the security check, claimant-appellant wrote and signed the following statement:

"I, Mildred Kostik, weighed chicken breasts at 39 cents and should of been weighed at 79 cents. I Removed the 79 sticker.

"Also piece boiled ham 99 cents lb.

"I sliced for myself. It was weighed *right* at 99 cents piece. (Emphasis hers)

(Signed) Mildred Kostik"

At the hearing, on being recalled by her counsel after employer-appellee's testimony was in, claimant-appellant denied she had weighed her own package of chicken specially but stated if she had inadvertently picked up a package of chicken breasts improperly marked at 39 cents, it was improperly marked originally, presumably by her inadvertently. Such inadvertence is accounted for by her distraught condition because of anxiety over her son's injury.

Able counsel for claimant-appellant persuasively argues that there is no direct positive evidence of affirmative wrongdoing to justify a decision that claimant-appellant was guilty of conduct that met the requirements of Section 402(e) of the Unemployment Compensation Law. The referee and the Board were not so persuaded nor are we. There is the positive evidence of the security officer and the meat buyer that they examined the package of chicken breasts and the 39 cents price marker was pasted over a 79 cents price marker that had been partially removed. This supports the signed statement of claimant-appellant and is inconsistent with the theory that claimant-appellant inadvertently pasted a 39 cents marker on a package on which she should have placed a 79 cents marker.

We are not convinced that claimant-appellant was so distraught as a result of her son's injury that she did not know what she was writing and signing when apprehended. She took the position then, as she did later, that the ham was properly priced. Her admission then that she improperly removed the correct price marker on the package she took for herself and superimposed the incorrect price marker is supported by the two other witnesses who saw the remains of the partially removed 79 cents marker under the 39 cents marker.

It is not necessary for us to decide whether the referee or the Board would have been justified in reaching any other conclusion. It is abundantly clear, from a careful reading of the entire record, that they were justified in reaching the conclusion they did. The law with regard to an employee being disqualified from receiving unemployment compensation by virtue of being discharged for participating in the improper expropriation of his employer's property is clearly and well reviewed by our brother, Judge ROGERS, in *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A. 2d 528 (1974). In that case, we reversed the Board which had improperly reversed the referee for finding that one act of improper expropriation by a 15-year employee of the employer's property, done at the suggestion or direction of a superior, was sufficient to disqualify the employee under Section 402(e) of the Unemployment Compensation Law. The law set forth in that opinion is equally applicable here, supplemented by the long line of cases which establish that the findings of fact and decisions of the Board are conclusive if supported by substantial evidence.

Accordingly, we enter the following

**ORDER**

Now, February 5, 1974, the order of the Unemployment Compensation Board of Review, dated April 12, 1973, in the above matter, is affirmed.