Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Herman Vereen, Appellant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*J. Barnard Noble,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 15, 1977:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) disallowing further appeal to Herman Vereen (claimant) from a referee's decision denying him benefits. The referee's denial was based on the claimant's being ineligible for compensation under the provisions of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides in part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Claimant contends that the Board's crucial finding of fact is not supported by substantial evidence. Further, he asserts that the Board's findings of fact, as a matter of law, are insufficient to support a conclusion of willful misconduct. We agree and therefore reverse.

Willful misconduct has been judicially explained as follows:

As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

*Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299-300 (1972).

It is well settled that the burden of proving willful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). In the instant case, the employer did not appear before either the referee or the Board.

Claimant contends that the Board erred in its central finding of fact. This finding reads:

4. While no verdict was entered regarding the employer's charge [theft of meat products], the claimant agreed to make restitution of $200.00 to the employer and to pay the Court Costs.

In considering the findings of fact, we have been mindful that our review is limited to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given the evidence are for the Board to determine. *Nehi Bottling Co. v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 251, 366 A.2d 594 (1976).

We have searched the record for any evidence that would support finding of fact 4 set out above and find no such evidence.[1] The record does disclose that the claimant worked for A.C.F. Produce, Inc., for approximately 4 years as a produce driver and was discharged from this employment on October 8, 1974 when he was accused of appropriating his employer's merchandise without authorization. Findings of fact 1 and 2. The only other finding of fact in addition to the challenged finding was finding of fact 3, which is supported by the record and which reads as follows:

> 3. Claimant denies the employer's allegations as to the reason for his dismissal. However, on June 9, 1975 the Court of Common Pleas of Bucks County, Pa., under a Pre-Indictment Program (First Offender), placed the claimant under 6-Months Probation.

Claimant has steadfastly proclaimed his innocence, and it was only after considerable persuasion by his counsel that he submitted to the Accelerated Rehabilitative Disposition (ARD) program established by Pa. R. Crim. P. 175-185. Satisfactory completion of this program results in dismissal by the court of charges against the defendant. In the instant case, the claimant was charged with the criminal offenses of theft and receiving stolen property, and after his satisfactory completion of the ARD program the Court of Common Pleas of Bucks County dismissed these charges by order under date of December 23, 1975.

We have no doubt that even one isolated instance of theft is sufficient to constitute willful misconduct,

---

[1] Although a court-ordered restitution would be highly persuasive that willful misconduct had been proved, we held in *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975), where claimant made restitution, that, considering the circumstances under which it was made, it was not adequate support for a finding of willful misconduct.

and we so held in *Kostik v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974). However, we have also held that more is needed than mere evidence of criminal arrest before the Board may deny compensation benefits. In *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917, we stated:

> The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. Cf. Commonwealth v. Daugherty, 9 Pa. Commonwealth Ct. 94, 305 A.2d 731 (1973). The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his work responsibilities. (Footnote omitted.) (Emphasis in original.)

Returning then to the record at hand, we note that the employer produced no evidence to support its burden of proving willful misconduct.[2] Next we are cognizant that the ARD program does not at any point determine guilt or culminate in a criminal conviction. Participation in the ARD program leads, if the program is completed satisfactorily, to the dismissal of the charges. As previously mentioned, there is no record support for the Board's finding of fact 4.

Therefore, the Board has made supportable findings that establish only that claimant's last day of

---

[2] As we stated in *Unemployment Compensation Board of Review v. Iacano*, Pa. Commonwealth Ct. , , 357 A.2d 239, 241 (1976), "[a]n employer should not depend on the referee to put forward information to support the employer's burden of proof, nor should the referee be placed in such a position." The same admonition is equally applicable in this willful misconduct case.

work for his employer was October 8, 1974, when he was discharged and accused of improperly taking merchandise of his employer, and that the claimant denies the accusation but was placed on 6 months' probation under an ARD program. Since these are the only findings of fact supportable by the evidence on this record, we cannot conclude that the employer has met the burden of proving willful misconduct, a burden imposed on him by the Act,[3] and we issue the following

ORDER

AND Now, this 15th day of March, 1977, the order of the Unemployment Compensation Board of Review, dated April 21, 1976, relative to the claim of Herman Vereen, is hereby reversed.

---

[3] See *Unemployment Compensation Board of Review v. Filips*, 18 Pa. Commonwealth Ct. 478, 336 A.2d 667 (1975), where we held that the employer failed to carry his burden of proving willful misconduct by merely showing that money collected by claimant was missing and that claimant could not explain how the money was taken from the safe in the truck operated by claimant.