# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reading Area Water Authority,       :
                    Petitioner       :
                                :
          v.       :  No. 1177 C.D. 2015
                                :  Submitted: November 25, 2015
Unemployment Compensation       :
Board of Review,       :
                    Respondent       :

**BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]**
                 **HONORABLE P. KEVIN BROBSON, Judge**
                 **HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge**

**OPINION BY JUDGE BROBSON**       **FILED:  April 21, 2016**

Reading Area Water Authority (Employer) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed the Unemployment Compensation Referee's (Referee) decision, thereby granting unemployment compensation benefits to German Guzman (Claimant). For the reasons discussed below, we affirm.

On September 28, 2014, Claimant, a maintenance worker at Employer's filtration plant, removed parts from a discarded compressor in the scrap pile behind the office of Employer's Lake Ontelanuee location. (Reproduced Record (R.R.) 79.) Claimant informed his supervisor, Michael Carl, that he had removed the parts in order to fix a compressor at the filtration plant that was leaking oil. (R.R. 79.) Employer contacted the local police and they conducted an

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

investigation into the removed compressor parts. (R.R. 79.) Claimant was suspended from his employment on October 12, 2014, based on allegations that he stole property from Employer. (R.R. 79-80.) Claimant was subsequently charged with theft by unlawful taking[2] and receiving stolen property.[3] (R.R. 59-60.)

Claimant filed for unemployment compensation benefits on October 26, 2014. (Certified Record (C.R.), Item No. 2.) On November 7, 2014, the Allentown UC Service Center (Service Center) denied Claimant benefits under Section 402(e) of the Unemployment Compensation Law (Law).[4] (C.R., Item No. 6.) Claimant appealed the Service Center's determination, and a Referee conducted a hearing on December 17, 2014. The Referee reversed the Service Center's determination and concluded that Claimant's actions did not constitute willful misconduct and granted Claimant unemployment compensation benefits. (R.R. 52-53.) Employer appealed the Referee's determination to the Board. By order dated January 30, 2015, the Board directed that a hearing be held to determine the outcome of the criminal charges pending against Claimant. (C.R., Item No. 15.)

At the remand hearing, Claimant presented evidence that on March 27, 2015, he agreed to enter the Accelerated Rehabilitation Disposition (ARD)[5] program for 30 days. (R.R. 75.) Claimant was required to pay $190 in

---

[2] 18 Pa. C.S. § 3921.

[3] 18 Pa. C.S. § 3925.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[5] Acceptance into an ARD program requires neither an admission nor a denial of guilt. Rather, in accordance with Pa. R. Crim. P. 315, when a defendant is accepted into an ARD program, all proceedings on the charges are deferred until the program has been completed. **(Footnote continued on next page…)**

costs, but he was not ordered to make any restitution payment. (R.R. 75.) In the ARD colloquy, admitted into evidence at the remand hearing, the Court of Common Pleas of Berks County (trial court) noted that Claimant was not pleading guilty to any charge by agreeing to enter the ARD program and that upon completion of the program the charges and the arrest would be expunged from his record. (R.R. 75.)

Following the remand hearing, the Board issued a determination, which contained the following Findings of Fact:

1. The claimant was employed from 2012 through October 12, 2014 as a full-time Maintenance Worker 2 with Reading Area Water Authority, earning around $19.30 per hour.

2. The employer has a policy which provides theft or inappropriate removal or possession of property is grounds for termination of employment.

3. The claimant was aware of the employer's policy.

4. On September 28, 2014 the claimant went from the filtration plant, where he performed work, to the Lake Ontelanuee office location and removed parts of a discharged compressor from the employer dumpster pile.

5. On or around November 29, 2014 the claimant spoke to his Supervisor, the Maintenance Foreman, and advised that he had removed parts from a discarded compressor from the disposal area and was going to use those parts to fix the compressor at the filtration plant that was leaking oil.

---

**(continued…)**

Moreover, Pa. R. Crim. P. 319 and 320 provide that upon successful completion of an ARD program, the charges against the defendant are dismissed and the defendant's arrest record is expunged.

3

6. The Executive Director became aware that parts were removed from a compressor at the disposal area on September 28, 2014 and conducted an investigation and contacted the local police regarding allegations of theft.

7. The removed parts from the compressor were discovered in the filtration plant.

8. The claimant was suspended as a result of the allegation of theft.

9. As criminal charges were filed in December 2014 against the claimant with probable cause of theft, the claimant was discharged from his employment.

10. The claimant entered Accelerated Rehabilitation Disposition (ARD) with regard to the charges.

11. The claimant did not plead guilty and did not pay restitution.

12. The claimant successfully completed one month of probation.

13. The claimant's criminal charges have been or will be expunged.

(R.R. 79-80.)

The Board concluded that Claimant was not ineligible under Section 402(e) of the Law, reasoning that:

> In this case, the employer has a policy which prohibits theft or removal of employer property, which is grounds for termination of employment. The claimant was aware of the employer's policy. The claimant, by his own admission, had removed parts from a discarded compressor to fix a compressor at the filtration plant. The claimant notified the maintenance foreman that he removed the parts for the intent of fixing the compressor at the filtration plant. Parts were found in the filtration plant that the claimant had removed. The claimant was suspended pending the investigation and based on the record, the employer has not sustained its burden in proving that the claimant was suspended as a result of willful misconduct and benefits cannot be denied.

4

> Additionally, the claimant was not convicted of any criminal charges in connection with the incident.

(R.R. 80-81.) Employer then petitioned this Court for review, and Claimant intervened in this matter.

On appeal to this Court,[6] Employer argues that the Board erred as a matter of law because Claimant's entry into the ARD program was proof he committed willful misconduct. Whether or not an employee's actions amount to willful misconduct is a question of law subject to review by this Court. *Nolan v. Unemployment Comp. Bd. of Review*, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981). Section 402(e) of the Law provides, in part, that an employee shall be ineligible for compensation for any week in which "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." The employer bears the burden of proving that the claimant's unemployment is due to the claimant's willful misconduct. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). The term "willful misconduct" is not defined by statute. The courts, however, have defined "willful misconduct" as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rule; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

---

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Employer does not challenge the Board's findings of fact and, consequently, those findings are binding on this Court.

*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425 (Pa. 2003). For an employee's conduct to constitute willful misconduct, it must be "of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." *Id.* at 425-26. Furthermore, this Court has previously held that an employee's theft from an employer is willful misconduct. *On Line Inc. v. Unemployment Comp. Bd. of Review*, 941 A.2d 786, 790 (Pa. Cmwlth. 2008).

Thus, the question becomes whether Employer proved Claimant committed theft. The Board concluded that Employer failed to carry this burden, and we agree. In order to prove its case, Employer relies on Claimant's entry into the ARD program. Employer argues that by accepting entry into the ARD program, Claimant essentially admitted his guilt to the criminal charges of theft and receipt of stolen property. In support of its argument, Employer cites an unreported[7] opinion of this Court, *Borough of Fountain Hill v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1848 C.D. 2013, filed Aug. 7, 2014). In *Borough of Fountain Hill*, this Court held that a police officer who entered into an ARD program for a DUI charge was ineligible for unemployment benefits under Section 402(e) of the Law. The dispositive fact in *Borough of Fountain Hill*, however, was not that the claimant accepted entry into the ARD program, but rather that the Police Department's "Policies and Procedures Manual expressly provided that '[f]or administrative disciplinary

---

[7] Pursuant to Section 414(a) of the Commonwealth Court's Internal Operating Procedures, "[p]arties may . . . cite an unreported panel decision of this court, issued after January 15, 2008, for its persuasive value, but not as binding precedent."

6

purposes, Accelerated Rehabilitative Disposition (ARD) shall be considered a conviction,'" and that the terms of the claimant's ARD prohibited him from carrying a gun. *Borough of Fountain Hill*, No. 1848 C.D. 2013, slip op. at 3, 9 (alteration in original). In this case, Employer has offered no evidence of a similar policy regarding ARD and no evidence that the terms of Claimant's ARD would in any way impact his ability to do his job.

This Court has previously addressed the question of whether entry into an ARD program is sufficient proof of willful misconduct. In *Unemployment Compensation Board of Review v. Vereen*, 370 A.2d 1228 (Pa. Cmwlth. 1977), the claimant was charged with theft from his employer. Although he maintained his innocence, he entered into and successfully completed an ARD program which consisted of six months' probation and no restitution.[8] This Court held that the employer failed to prove willful misconduct and that the claimant was, therefore, eligible for unemployment benefits:

> We have no doubt that even one isolated instance of theft is sufficient to constitute willful misconduct, and we so held in *Kostik v. Unemployment Compensation Board of Review*, . . . 315 A.2d 308 ([Pa. Cmwlth.] 1974). However, we have also held that more is needed than mere evidence of criminal arrest before the Board may deny compensation benefits. In *Unemployment Compensation Board of Review v. Derk*, . . . 353 A.2d 915, 917 [(Pa. Cmwlth. 1976)], we stated:
>
> > 'The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with

---

[8] For clarity's sake, we note that although the Board in *Vereen* found that the claimant made restitution, this Court concluded that there was no evidence in the record to support the finding. *Vereen*, 370 A.2d at 1230.

7

> acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. *Cf. Commonwealth v. Daugherty*, . . . 305 A.2d 731 ([Pa. Cmwlth.] 1973). The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his work responsibilities.' (Footnote omitted. Emphasis in original.)
>
> Returning then to the record at hand, we note that the employer produced no evidence to support its burden of proving willful misconduct. Next we are cognizant that the ARD program does not at any point determine guilt or culminate in a criminal conviction. Participation in the ARD program leads, if the program is completed satisfactorily, to the dismissal of the charges. . . .
>
> Therefore, the Board has made supportable findings that establish only that claimant's last day of work for his employer was October 8, 1974, when he was discharged and accused of improperly taking merchandise of his employer, and that the claimant denies that accusation but was placed on 6 months' probation under an ARD program. Since these are the only findings of fact supportable by the evidence on this record, we cannot conclude that the employer has met the burden of proving willful misconduct . . . .

*Vereen*, 370 A.2d at 1231. Thus, "where a claimant is discharged for a criminal act, such as theft, the subsequent acceptance into an ARD program is *insufficient* proof of willful misconduct." *Bruce v. Unemployment Comp. Bd. of Review*, 2 A.3d 667, 677 (Pa. Cmwlth.) (emphasis added) (citing *Vereen*, 370 A.2d at 1231), *appeal denied*, 12 A.3d 753 (Pa. 2010).[9]

---

[9] We note that counsel for Employer did not cite or discuss *Vereen* or *Bruce*, cases which have been binding precedent on this Court for the last thirty-nine and six years, respectively. We **(Footnote continued on next page…)**

As the recitation above makes clear, this case is much more similar to *Vereen* than *Borough of Fountain Hill*. Here, as in *Vereen*, the only facts found by the Board show that Claimant was charged with theft, an accusation he denies, and entered into a one-month ARD program with no restitution payment. As pointed out in *Vereen*, "the ARD program does not at any point determine guilt or culminate in a criminal conviction." *Vereen*, 370 A.2d at 1231. Because Employer has not offered any other evidence of willful misconduct, Employer has failed to meet its burden of proof.[10] *Bruce*, 2 A.3d at 677. Consequently, the Board did not err in granting unemployment benefits to Claimant.

Employer also asserts that entry into the ARD program should be treated the same way as a *nolo contendre* plea for purposes of unemployment compensation, arguing that ARD does not assert the innocence of a criminal defendant, but it is instead used by prosecutors to lessen a criminal punishment. Employer offers no legal argument in support of this assertion. To the extent Employer is making a policy argument, it ignores this Court's precedent regarding both *nolo contendre* pleas and entry into an ARD program. As this Court explained in *Smith v. Unemployment Compensation Board of Review*, 967 A.2d 1042 (Pa. Cmwlth. 2009), a plea of *nolo contendre* "'says, in effect, 'I will not

_____

**(continued…)**

are uncertain if counsel did not include these cases because he was unaware of them or because of a lack of candor before this Court. We caution counsel to be thorough in his research and candid in his filings to this Court.

[10] Employer's willful misconduct argument relies entirely on the assertion that Claimant's entry into the ARD program somehow constituted either a conviction or an admission of theft. Employer does not argue that Claimant's conduct, if it does not constitute theft, otherwise rose to the level of willful misconduct.

contest' and admits the facts charged,'" and, therefore, "essentially constitute[s] admission[] of the facts charged in the underlying criminal proceeding[]." *Smith*, 967 A.2d at 1046 (quoting *Commonwealth v. Hayes*, 369 A.2d 750, 751 (Pa. Super. 1976)). Conversely, entry into the ARD program "does not at any point determine guilt or culminate in a criminal conviction." *Vereen*, 370 A.2d at 1231. Employer has offered no argument for why we should ignore these differences and equate entry into an ARD program with a *nolo contendre* plea, and we see no reason to disregard this Court's precedent.

For the reasons discussed above, the order of the Board is affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reading Area Water Authority,  :
                      Petitioner  :
                              :
        v.  :  No. 1177 C.D. 2015
                              :
Unemployment Compensation  :
Board of Review,  :
                    Respondent  :

# **O R D E R**

AND NOW, this 21st day of April, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reading Area Water Authority, : 
                               : No. 1177 C.D. 2015
                Petitioner     : Submitted: November 25, 2015
                               :
              v.                 :
                               :
Unemployment Compensation   :
Board of Review,              :
                               :
                Respondent   :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


CONCURRING OPINION
BY SENIOR JUDGE FRIEDMAN              FILED: April 21, 2016


        I agree with the majority that Claimant is entitled to unemployment compensation benefits. I write separately, however, because I believe that the majority mischaracterizes the Board's Finding of Fact Number 11 and unnecessarily discusses an unreported, non-precedential decision of this court.

        The Board found that criminal charges were filed against Claimant and that Claimant entered into an Accelerated Rehabilitation Disposition (ARD) program. (Board's Findings of Fact, Nos. 9-10.) Claimant did not plead guilty and paid restitution. (*Id.*, No. 11.)

        The majority states that "the only facts found by the Board show that Claimant was charged for theft, an accusation he denies, and entered into a one-

month ARD program with no restitution payment." (Maj. Op. at 9.) Acceptance into an ARD program requires neither an admission nor a denial of guilt. Rather, in accordance with Pa. R. Crim. P. 315 and 316, when a defendant is accepted into an ARD program, the defendant is not required to enter a plea of guilty or not guilty and all proceedings on the charges are deferred until the probationary period has been completed. Moreover, Pa. R. Crim. P. 319 and 320 provide that upon successful completion of an ARD program, the charges against the defendant are dismissed and the defendant's arrest record is expunged.

Next, I disagree with the majority's need to distinguish an unreported decision where, as here, a reported opinion of this court is directly on point and is binding precedent. Section 414(a) of this court's Internal Operating Procedures (IOP) states that "[p]arties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent." Section 414(c) of the IOP provides that "[a] reported opinion of the . . . panel may be cited as *binding precedent*." (Emphasis added.)

In *Unemployment Compensation Board of Review v. Vereen*, 370 A.2d 1228, 1230 (Pa. Cmwlth. 1977), the employer discharged the claimant for an alleged theft. The claimant entered into an ARD program and paid restitution. *Id*. at 1230. This court held that because the ARD program does not determine guilt, the employer did not meet its burden of proving willful misconduct. *Id*. at 1231. *See also Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 677 (Pa. Cmwlth. 2010) (holding that where a claimant is discharged because of an illegal act, acceptance of ARD program is insufficient to prove willful misconduct).

*Vereen* is factually indistinguishable from the present case and is binding precedent. Thus, I am dismayed by Employer's citation to and the majority's in-depth discussion of *Borough of Fountain Hill v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1848 C.D. 2013, filed August 7, 2014), which is an unreported, non-precedential decision of this court. I acknowledge that the majority has an obligation to address the parties' arguments. However, I submit that because *Vereen* is a reported opinion of this court, which is on all fours with the facts at hand, this court should not engage in a lengthy analysis of a factually distinguishable and unreported decision of this court that I submit has no persuasive value.

I am further troubled because although Employer found and relied upon *Borough of Fountain Hill*, nowhere in its brief does Employer, or Claimant for that matter, mention *Vereen*, decided nearly 40 years ago, or this court's 2010 decision in *Bruce*, which reiterated *Vereen's* holding that entrance into an ARD program is not proof of willful misconduct. I submit that such omission is sanctionable. Rule 1.1 of the Pennsylvania Rules of Professional Conduct provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Additionally, Rule 3.3 (a)(2) of the Pennsylvania Rules of Professional Conduct provides that "[a] lawyer shall not knowingly . . fail to disclose to the tribunal legal authority . . . known to the lawyer to be directly adverse to the position of the client and not disclosed by the opposing counsel."

Even if *Borough of Fountain Hill* were a reported opinion, I would not find it persuasive because the facts and issues are critically distinguishable. The

claimant in *Borough of Fountain Hill* was a police officer charged with driving under the influence of alcohol (DUI) while off-duty. *Id.*, slip op. at 1, 3. In determining that he was ineligible for unemployment compensation benefits, this court recognized that the "[c]laimant was not an ordinary employee; he was a police officer and his DUI was a violation of a law that his duties required him to enforce." *Id.*, slip op. at 9. Further, the "[c]laimant's criminal DUI [was] inconsistent with acceptable standards of behavior and with his job responsibilities as a police officer." *Id.*, slip op. at 10.

In this case, Claimant is an ordinary employee, who should not be disparaged by a comparison to the police officer in *Borough of Fountain Hill*, who violated a law he was obligated to uphold. In this day and age, employers search the internet for information about potential employees. Experience has taught us that when there are numerous applicants for a job, employers are less likely to hire a candidate whose image has been besmirched because he has been falsely accused of employment wrongdoing.

Accordingly, I concur in the result only.

ROCHELLE S. FRIEDMAN, Senior Judge

RSF - 4 -