OPINION BY
Judge P. KEVIN BROBSON.
Reading Area Water Authority (Employer) petitions. this Court for review of an order of the Unemployment Compensation Board of Review (Board). Thé Board affirmed the Unemployment Compensation Referee’s (Referee) decision, thereby granting unemployment compensation benefits to German Guzman (Claimant). For the reasons discussed below, we affirm.
On September 28, 2014, Claimant, a maintenance worker at Employer’s filtration plant, removed parts from a discarded compressor in the scrap pile behind the office of Employer’s Lake Ontelanuee location. (Reproduced Record (R.R.) 79.) Claimant informed his supervisor, Mi *660 chael Carl,- that' he had removed the parts in order to fix a compressor at the filtration plant that was leaking ■ oil: (R.R. 79.) Employer contacted the local police and they conducted an investigation into the removed compressor parts. (R.R. 79.), Claimant was suspended from his employment on October 12, 20Í4, based on allegations that,he stole property from Employer. (R.R. 79-80.) Claimant was subsequently charged with theft by unlawful taking[2] and receiving stolen! property.[3] (R.R. 59-60.)
Claimant filed for unemployment compensation benefits on October 26, 2014. (Certified Record (C.R.), Item No. 2.) On November 7, 2014, the Allentown UC Ser-vicé Center (Service Center) denied Claimant benefits under Section 402(e) of the Unemployment Compensation Law (Law).[4] (C.R., Item No. 6.) Claimant appealed the Service Center’s determination, and a Referee conducted a hearing on December 17, 2014. The Referee reversed the Service Center’s determination and concluded that Claimant’s actions did not constitute willful misconduct and granted Claimant unemployment compensation benefits. (R.R. 52-53.) Employer appealed the Referee’s determination to the Board. By order dated January 30, 2015, the Board directed that a hearing be held to determine the outcome of the criminal charges pending against Claimant. (C.R., Item No. 15.)
At the remand hearing, Claimant presented evidence that on March 27, 2015, he agreed to enter the Accelerated Rehabilitation Disposition (ARD)[5] program for 30 days. (R.R. 75.) Claimant was required to pay $190 in costs, but he was not ordered to . make any restitution payment; (R.R. 75.) In the ARD colloquy, admitted into evidence at the remand hearing, the Court of Common Pleas of Berks County (trial court) noted that Claimant was not pleading guilty to any charge by agreeing to enter the ARD program and that upon completion of the program the charges and the arrest would be éxpunged from his record. (R.R. 75.)
Following the remand hearing, the Board issued,a determination, which contained the following Findings of Fact:
1. The claimant was employed from 2012 through October 12, 2014 as a full-time Maintenance Worker 2 with Reading Area Water Authority, earning around $19.30 per hour.
2. The employer has a policy which provides theft or inappropriate re- ‘ moval or possession of property is grounds for termination of employment.
3. The claimant was aware of the employer’s policy.
4. On September 28, 2014 the claimant went from the filtration plant, where he performed work, to the Lake On-telanuee office location and removed parts of a discharged compressor from the employer dumpster pile.
5. On or around November 29, 2014 the claimant spoke to his Supervisor, the Maintenance Foreman, and ad *661 vised that he. had removed parts from a discarded compressor from the disposal area and was going to use those parts to fix the compressor at the filtration plant that was leaking oil.
6. The Executive Director became aware that parts were removed from a compressor at the disposal area on September 28, 2014 and conducted an investigation and contacted the local police regarding allegations of theft.
7. The removed parts from the compressor' were discovered in the filtration plant.
8. ' The claimant was suspended as a result of the allegation of theft.
9. As criminal charges were filed in December 2014 against the claimant with probable cause of theft, the claimant was discharged from his employment.
10. The claimant entered Accelerated Rehabilitation Disposition (ARD) with regard to the charges.
11. The claimant did not plead guilty and did not pay restitution.
12. The claimant successfully completed one month of probation.
13. The claimant’s criminal .charges have been or will be expunged. ■
(R.R. 79-80.)
The Board concluded that Claimant was not ineligible under Section 402(e) of the Law, reasoning that: '
In this case, the employer has a policy which prohibits theft or removal of employer property, which is grounds for termination of employment. The claim■ant was aware of the employer’s policy. The claimant, by' his own admission, had removed parts from a discarded compressor to fix a compressor at the filtration plant. The claimant notified the maintenance foreman that he removed the parts for the intent of fixing the compressor at the filtration plant. Parts were found in the: filtration plant that the claimant had removed. The claimant was suspended pending the investigation and based on the record, the employer has not sustained its burden in proving that the claimant was suspended as a result of willful .misconduct and benefits cannot be denied.
Additionally, the claimant was not convicted of any criminal charges in connection with the incident.
(R.R. 80-81.) Employer then petitioned this Court for review, and Claimant intervened in this matter.
On appeal to this Court,[6] 'Employer argües that the Board erred as a matter of law because Claimant’s entry into the ARD program was proof he committed willful misconduct. Whether or not an employee’s actions amount to willful misconduct is a question of law subject to review by this' Court. Nolan v. Unemployment Comp. Bd. of Review, 57 Pa. Cmwlth. 186, 425 A.2d 1203, 1205 (1981). Section 402(e) of the Law provides, in part, that an employee shall;'be ineligible for compensation for any week in which “his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.” The employer bears the burden of proving that the claimant’s unemployment is due to the claimant’s willful misconduct. Walsh *662 v. Unemployment Comp. Bd. of Review, 943 A,2d 363, 369 (Pa.Cmwlth.2008). The term “willful misconduct” is not defined by-statute. The courts, however, have defined “willful misconduct” as:
(a) wanton or willful disregard for an employer’s interests; (b) deliberate violation of an employer’s rule; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer’s interest or an employee’s duties or obligations.
Grieb v. Unemployment Comp. Bd. of Review, 573 Pa. 594, 827 A.2d 422, 425 (2003). For an employee’s conduct to constitute willful misconduct, it must be “of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s' duties and obligations to the employer.” Id. at 425-26. Furthermore, this Court has previously held that an employee’s theft from an employer is willful misconduct. On Line Inc. v. Unemployment Comp. Bd. of Review, 941 A.2d 786, 790 (Pa.Cmwlth.2008).
Thus, the question becomes whether Employer proved Claimant committed theft. The Board concluded that Employer failed to carry this burden, and, we agree. In order to prove its case, Employer relies on Claimant’s entry into the ARD program. Employer argues that by accepting entry into the ARD .program, Claimant essentially admitted his guilt to the criminal charges of theft and receipt of stolen property. In support of its argument, Employer cites an unreported[7] opinion of this Court, Borough of Fountain Hill v. Unemployment Compensation Board of Review, 2014. WL 3895916 (Pa. Cmwlth., No. 1848 C.D.2013, filed Aug. 7, 2014). In Borough of Fountain Hill, this Court held that a police officer who entered into an ARD program for a DUI charge w;as ineligible for unemployment benefits under Section 402(e) of the Law. The dispositive fact in Borough of Fountain Hill, however, was not that the claimant accepted entry into the ARD program, but rather that the Police Department’s “Policies and Procedures Manual expressly provided that ‘[f]or administrative disciplinary purposes, Accelerated Rehabilitative Disposition (ARD) shall be considered a conviction,”’ and that, the terms of the claimant’s ARD prohibited him from carrying a gun. Borough of Fountain Hill, No. 1848 C.D.2013, slip op. at 3, 9 (alteration in original). In this case, Employer has offered no evidence of a similar policy regarding ARD and no evidence that the terms of Claimant’s ARD' would in any way impact his’ability to do his job.
This Court has previously addressed the question of whether entry into an ARD program is sufficient proof of willful misconduct. In Unemployment Compensation Board of Review v. Vereen, 29 Pa.Cmwlth. 252, 370 A.2d 1228 (1977), the claimant was charged with theft from his employer. Athough he maintained his innocence, he entered into and successfully completed an ARD program which consist ed of six months’ probation and no restitution.[8] This Court held that the employer failed, to prove willful misconduct and that *663 the claimant was, therefore, eligible for unemployment benefits:,
We have no doubt that even one isolated instance of theft is sufficient to constitute willful misconduct, nnd we so held in Kostik v. Unemployment Compensation Board, of Review, 12 Pa.Cmwlth. 32, 315 A.2d 308 (1974). However, we have also held that more is needed than mere evidence of criminal arrest before the Board may deny compensation benefits. In Unemployment Compensation Board of Review v. Derk, 24 Pa.Cmwlth, 54, 353 A.2d 915, 917 [ (1976) ], we stated:
“The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which directly' reflects upon his ability to perform his assigned duties. Of course, no proof of criminal conviction is necessary. Cf Commonwealth v. Daugherty, 9 Pa.Cmwlth. 94, 305 A.2d 731 (1973). The employer need only produce evidence that would have established fault on the part of the employee which would be incompatible with his Work responsibilities.” (Footnote omitted. Emphasis in original.)
Returning then to the record at hand, we note that the employer produced no evidence to support its burden of proving willful, misconduct. Next we are cognizant that the ARD program does not at any point determine guilt or culminate in a criminal conviction. Participation in the ARD program leads, if the program is completed satisfactorily, to the dismissal of the charges....
Therefore, the Board has made supportable findings that establish only that claimant’s last day .of work for his employer was October 8,1974, when he was dischargéd and accused of improperly taking merchandise of his employer, and that the claimant denies that accusation but was placed on 6 months’ probation under an ARD program. Since these are the only findings of fact supportable by the evidence on this record, we cannot conclude that the employer has met the burden of proving willful misconduct.
Vereen, 370 A.2d at 1231. Thus, “where a claimant is discharged for a criminal act, such as theft, the subsequent acceptance into an ARD program is insufficient proof of willful misconduct;” Bruce v. Unemployment Comp. Bd. of Review, 2 A.3d 667, 677 (Pa.Cmwlth.) (emphasis added) (citing Vereen, 370 A.2d at 1231), appeal denied, 608 Pa. 656, 12 A.3d 753 (2010).[9]
As the recitation above makes clear, this case is much more similar to Vereen than Borough of Fountain Hill. Here, as in Vereen, the only facts found by the Board show that Claimant was charged with theft, an accusation he denies, and entered into a one-month ARD program with no restitution payment. As pointed out in Vereen, “the ARD program does not at any point determine guilt or culminate in a criminal conviction.” Vereen, 370 A.2d at 1231. Because. Employer has not offered any other evidence of willful misconduct, Employer has failed to meet its burden of proof.[10] Bruce, 2 A.3d at 677. Conse *664 quently, the Board did not err in granting unemployment benefits to Claimant.
Employer also asserts that entry into the ARD program should be treated the same way as' a nolo contendré plea for purposes of unemployment compensation, arguing that ARD does not assert the innocence of a criminal defendant, but it is instead use$ by prosecutors to lessen a criminal punishment. Employer offers no legal argument in support of this assertion. To the extent Employer is making a policy argument, it ignores this Court’s .precedent regarding both nolo contendré pleas and entry into an ARD program. As this Court explained in. Smith v. Unemployment Compensation Board of Review, 967 A.2d 1042 (Pa.Cmwlth.2009), a píea of nolo contendré “ ‘says, in effect, “I will not corniest” and admits the facts charged,’ ” and, therefore, “essentially constitute^] admission[ ] of the facts charged in the underlying . criminal proceeding[ ].” Smith, 967 A.2d at 1046 (quoting Commonwealth v. Hayes, 245 Pa.Super. 521, 369, A.2d 750, 751 (1976)). Conversely, entry into, the ARD program “does not at any point determine guilt or culminate in .a criminal conviction.” Vereen, 370 A.2d at 1231. Employer has offered ; no argument .-for why we should- ignore these differences and equate entry into .an ARD program .with a nolo contendré plea, and we see no reason to disregard this Court’s precedent.
For the reasons discussed above, the order óf the Board is affirmed.

ORDER

AND NOW, this 21st day of April, 2016, the order 'of the Unemployment Compén-sation Board of Review is hereby AFFIRMED.

. 18 Pa.C.S. § 3921.

. 18 Pa.C.S. § 3925.

.' Act of .December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).

. Acceptance into an ARD program requires neither an admission nor a denial of guilt. Rather, in accordance with Pa. R.Crim. P. 315, when a defendant is accepted into an ARD program, all proceedings on the charges are deferred until the program has been completed. Moreover, Pa. R.Crim. P. 319 and 320 provide that upon successful completion of an ARD program, the charges against the defendant are dismissed and the defendant’s arrest record is expunged. ‘

. This Court’s standard of review is limited to determining whether constitutional ‘rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Employer , does not challenge the Board’s findings of fact and, consequently, those findings are binding on this Court.

. Pursuant to Section 414(a) of the Commonwealth Court’s Internal Operating Procedures, “[p]arties may ... cite an unreported panel decision of this court, issued after January 15, 2008, for its persuasive value, but not as binding precedent.”

. For clarity’s sake, we note that although the Board in Vereen found that the claimant made restitution, this Court concluded that there was no evidence in the record to support the finding. Vereen, 370 A.2d at 1230.

. We note that counsel for Employer did not cite or discuss Vereen or Bruce, cases which have been binding precedent on this Court for the last thirty-nine and six years, respectively. We are uncertain if counsel did not include these cases because he was unaware of them or because of a lack of candor before this Court. We caution counsel to be thorough in his research and candid in his filings to this , Court.

. Employer’s willful misconduct argument relies entirely on the assertion that Claimant’s entry into the ARD program somehow constituted either a ■conviction or an admission of theft. Employer does not argue that Claim *664 ant’s conduct, if it does not constitute theft, otherwise rose to the level of willful misconduct.