CONCURRING OPINION BY
Senior Judge FRIEDMAN.
I agree with the majority that Claimant is entitled to unemployment compensation benefits. I write separately, however, because I believe that the majority mischar-acterizes the Board’s Finding of Fact Number 11 and unnecessarily discusses an unreported, non-precedential decision of this court.
The Board found that criminal charges were filed against Claimant and that Claimant entered into an Accelerated Rehabilitation Disposition (ARD) program. (Board’s Findings Of Fact, Nos. 9-10.) Claimant did hot plead guilty and paid restitution. '{Id., No. 11.)
. The majority states that “the only facts found by the Board show that Claimant was charged for theft, an accusation he denies, and entered into a one-month ARD program with no restitution payment.” (Maj. Op. at 663.) Acceptance into an ARD program requires neither an admission nor a denial of guilt. Rather, in accordance with Pa. R.Crim. P. 315 and 316, when a defendant is accepted into an ARD program, the defendant is not required to enter a plea of guilty or not guilty and all proceedings on the charges are deferred until the probationary period has been completed. Moreover, Pa. R.Crim. P. 319 and 320 provide that upon successful completion of an ARD program, the charges against the defendant are dismissed and the defendant’s arrest record is expunged.
Next, I; disagree with the majority’s need to distinguish an unreported decision where, as here, a reported opinion of this court is directly on point and is binding precedent. Section 414(a) of this court’s *665 Internal Operating Procedures (IOP) states that “[p]arties may ... cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.” Section 414(c) of the IOP provides that “[a] reported opinion of the ... panel may be cited as binding ‘precedent.” , (Emphasis added.)
In Unemployment Compensation Board of Review v. Vereen, 29 Pa.Cmwlth. 252, 370 A.2d 1228, 1230 (1977), the employer discharged the claimant for an alleged theft. The claimant entered into an ARD program and paid restitution. Id. at 1230. This court held that because the ARD program does not determine guilt, the employer did not meet its burden of proving willful misconduct. Id. at 1231. See also Bruce v. Unemployment Compensation Board of Review, 2 A.3d 667, 677 (Pa.Cmwlth.2010) (holding that where a claimant is discharged because of an illegal act, acceptance of ARD program is insufficient to prove willful misconduct).
Vereen is factually indistinguishable from the present cáse and is binding precedent. Thus, I am dismayed by Employer’s citation to and tlie majority’s in-depth discussion of Borough of Fountain Hill v. Unemployment Compensation Board of Review, 2014 WL 3895916 (Pa.Cmwlth., No. 1848 C.D.2013, filed August 7, 2014), which is an unreported, non-precedential decision of this court, I acknowledge that the majority has an obligation to address the parties’ arguments. However, I submit that because Vereen is a reported opinion of this court, which is on all fours with the facts at hand, this court should hot engage in a lengthy analysis of a factually distinguishable and unreported decision of this court that I submit has no persuasive value.
I am further troubled because although Employer found and relied upon Borough of Fountain Hill, nowhere in its brief does Employer, or' Claimant-for that, matter, mention Vereen, decided nearly 40 years ago, or this court’s;2010 decision in Bruce, which reiterated Vereen’s holding that, entrance into an ARD program is not proof of willful misconduct. I submit that, such omission is sanctionable. Rule 1.1 of the Pennsylvania Rules, of Professional Conduct provides that “[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.” Additionally, Rule 3.3(a)(2) of the Pennsylvania Rules of Professional Conduct provides that “[a] lawyer shall not knowingly .. ’. fail to disclose to the tribunal legal authority ... known to the lawyer to be directly adverse to the position of the client and not disclosed by the opposing counsel.’.’
Even if Borough of Fountain Hill were a reported opinion, I would not find it persuasive because the facts and issues are critically distinguishable. The claimant in Borough of Fountain Hill was a police officer charged with driving under the influence of alcohol (DUI) while off-duty. Id., slip op. at 1, 3. In determining that he was ineligible for unemployment compensation benefits, this court recognized that the “[claimant was not an ordinary employee; he was a police officer and his DUI was a violation of a law that his duties required him to enforce.” ■ Id., slip op. at 9. Further, the “[cjlaimant’s criminal DUI [was] inconsistent with acceptable standards of behavior and with his job responsibilities as a police officer.” Id., slip op. at 10.
In this case, Claimant is an ordinary employee, who should not be disparaged by a comparison, to the police officer, in Borough of Fountain Hill, who violated a law he was obligated to uphold. In this *666 day and age, employers search the internet for information about potential employees. Experience has taught us that when there are numerous applicants for a job, employers are less likely to' hire a candidate whose image has been besmirched because he has been falsely accused of employment wrongdoing.
Accordingly, I concur in the result only.