IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guest Hospitality, Inc.,            :
                                           : No. 1010 C.D. 2016
                 Petitioner   : Submitted: January 13, 2016
                                           :
                 v.               :
                                           :
Unemployment Compensation    :
Board of Review,                 :
                                           :
                 Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: June 12, 2017

          Guest Hospitality, Inc. (Employer) petitions for review of the May 26, 2016 order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision and held that Anitria A. White (Claimant) is not ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

          Claimant began working for a Holiday Inn in November 2012 that was then owned by Employer. Subsequently, Employer was purchased by Hotel in Pottstown, Inc., which took over operation of the Holiday Inn in January 2016.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to her discharge from work for willful misconduct connected with her work.

Employer provided all of its employees with a new employee handbook and job application from the new owner and instructed them to complete the paperwork, as well as I-9, W-4, and Pennsylvania residency forms sent later, in order to continue their employment under the new management. Claimant completed and returned the application. On January 5, 2016, Claimant verbally expressed concerns to her supervisor, Michael Stahl, Employer's Assistant General Manager, regarding the confidentiality section of the new employee handbook. Claimant previously filed a complaint with the Equal Employment Opportunity Commission (EEOC) in which she used Holiday Inn documents to support her claim and she was worried that Employer would use the new language to discharge her. Findings of Fact (F.F.) Nos. 1-5.

Thereafter, Claimant and Stahl exchanged several emails addressing Claimant's concerns with the new handbook policies. Claimant also wanted to know if the new application would impact her earned vacation time. Claimant requested that her questions be forwarded to the new owner or that she be provided with information in order to contact the owner directly. Stahl assured her that she was being offered the same position with no changes and encouraged her to sign the handbook acknowledgment. Stahl gave her until January 15, 2016, to consult an attorney and sign the paperwork. F.F. Nos. 6-10.

On January 18, 2016, Stahl sent her another email, asking whether she would be signing the paperwork. Claimant responded that she was unaware of the deadline and that her questions had not been answered by the new owner. Stahl then asked her to provide him with specific questions, which he would then take to the owner. F.F. Nos.11-13.

2

On January 22, 2016, Employer discharged Claimant for non-compliance because she failed to sign the employee handbook acknowledgment as directed. F.F. No. 16; Record Item No. 3.

The local service center determined that Claimant was ineligible for benefits under Section 402(e) of the Law and denied Claimant's application for benefits. Claimant appealed, and the matter was assigned to a referee, who held a hearing on April 4, 2016.

At the hearing, Stahl testified that he spoke with Claimant when she returned her completed job application. He stated that Claimant did not return her I-9, W-4, or Pennsylvania residency forms, nor did she return her signed employee handbook receipt, and he asked about those documents when she returned her completed application. Stahl testified that, thereafter, Claimant sent him an email to which he responded that Employer was no longer in business and that her failure to sign the employee handbook indicated that she was refusing to abide by the rules of the hotel as operated by Hotel in Pottstown, Inc. Stahl said that Claimant requested that her questions and concerns regarding the policies be forwarded to her so that she might discuss them with an attorney. Stahl testified that, despite sending an email to Claimant asking what her questions were, she never told him her specific questions. He testified that Claimant was discharged on January 22, 2016, for "non-compliance" for failing to sign the required paperwork. Notes of Testimony (N.T.) at 7-15.

Stahl later testified that when Claimant returned her job application, she told him that she refused to sign the employee handbook receipt and other documents. He stated that he told Claimant that he would accept her resignation, but that Claimant told him she was not resigning. Stahl then testified that Claimant

3

verbally expressed to him that she had concerns about signing the handbook and requested to speak to the owner. Stahl testified that he told Claimant that all communication with the new owner would have to go through him. N.T. at 15-18.

Claimant testified that at the time she turned in her new job application, she expressed her concerns to Stahl. Specifically, Claimant testified that she told Stahl that she was concerned that she would be terminated under the confidentiality policy in the employee handbook because she filed a complaint with the EEOC and submitted documents from the hotel. She stated that she also was concerned regarding the impact the new application would have on her accrued vacation time. Claimant testified that Stahl did not have answers for her questions and that she requested to speak to upper management. She noted that at no time was she offered the opportunity to speak with upper management. Claimant further testified that if her concerns had been answered by either Stahl or upper management, she would have willingly signed the handbook receipt. She said that she enjoyed her job and had no intent to leave her employment. N.T. at 19-22.

Furthermore, at the bottom of her job application for the new owner, Claimant initialed and dated January 5, 2016, a note that she had some questions about the new handbook before she signed the handbook. Employer's Exhibit 1.

The referee issued a decision and order concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(e). The referee determined that Claimant did not have reasonable justification for her failure to respond to Stahl's email asking for her specific questions or for her failure to sign the employee handbook and, therefore, she committed willful misconduct.

4

Claimant appealed to the Board and the Board reversed the referee's decision, concluding that Claimant was not ineligible for benefits under Section 402(e) of the Law. The Board credited Claimant's testimony regarding her concerns about the handbook as it related to her EEOC complaint and that she addressed her concerns to Stahl on January 5, 2016. F.F. Nos. 4-5. The Board found that Stahl was aware of Claimant's concerns with regard to the handbook and her pending EEOC complaint, but that he did not forward her concerns to the new owner. F.F. Nos. 14-15. The Board determined that while Employer's request that Claimant sign employment paperwork for the new owner was reasonable, the expectation that Claimant should sign the documents without the new owner addressing her concerns directly was not. The Board further concluded that Stahl made it impossible for Claimant to pursue and obtain a response to her concerns from the new owner by refusing to provide Claimant with the new owner's contact information.

On appeal to this Court,[2] Employer argues that the Board erred in concluding that Employer's request that Claimant sign the paperwork was unreasonable. Employer challenges the Board's findings that Employer was aware of Claimant's concerns and asserts that Claimant unreasonably eschewed signing the paperwork, which amounted to willful misconduct. We disagree.

Initially, we note that the Law does not define "willful misconduct," but our courts have defined it, in pertinent part, as including a wanton and willful disregard of the employer's interests or a disregard of standards of behavior that

_____

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

5

the employer has a right to expect from an employee. *Chester Community Charter School v. Unemployment Compensation Board of Review*, 138 A.3d 50, 54 (Pa. Cmwlth. 2016). Where an employee has been discharged for non-compliance, this Court must evaluate both the reasonableness of the employer's request and the reasonableness of the employee's refusal to comply to make a determination of willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. Cmwlth. 1976). An employer bears the burden to prove that a claimant is ineligible for unemployment compensation benefits due to willful misconduct. *Reading Area Water Authority v. Unemployment Compensation Board of Review*, 137 A.3d 658, 661-62 (Pa. Cmwlth. 2016). Once the employer meets its burden, the burden shifts to the claimant to establish good cause for her conduct. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 (Pa. Cmwlth. 2003).

Furthermore, the Board is the ultimate factfinder in unemployment compensation cases, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). The Board's findings are binding and conclusive on appeal if the record, when examined as a whole, contains substantial evidence to support them. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). We view the record in the light most favorable to the party prevailing before the Board and afford that party the benefit of all reasonable inferences that can be drawn from the evidence to determine if

substantial evidence exists. *Serrano v. Unemployment Compensation Board of Review*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016).

Employer focuses the majority of its argument on Claimant's burden of proving that her response to Employer's request was reasonable. However, as previously stated, the burden does not shift to Claimant unless and until Employer has met its burden of proving the reasonableness of its request. Here, the Board concluded that Employer failed to meet its burden. Therefore, we do not address the reasonableness of Claimant's conduct, but only address the issue of whether there is substantial evidence in the record to support the Board's findings.

Claimant and Employer offered conflicting testimony on the issue of whether Claimant had provided Employer with the concerns she wished to be addressed before signing her remaining paperwork. The Board resolved all conflicts in the testimony in favor of Claimant to find that she expressed concerns to Employer that were not addressed. After careful review of the record, we conclude that the Board's findings are supported by substantial evidence. Consequently, those findings are binding on appeal. *Mathis*. The Board's findings support its conclusion that Employer failed to meet its burden of proving that Claimant was discharged for willful misconduct.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guest Hospitality, Inc.,                    :
                                            : No. 1010 C.D. 2016
                         Petitioner         :
                                            :
             v.                             :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                        Respondent :

O R D E R

AND NOW, this 12<u>th</u> day of <u>June</u>, 2017, the order of the
Unemployment Compensation Board of Review, dated May 26, 2016, is
AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge