602 A.2d 484

**Herschel L. SPENCER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Jan. 17, 1992.

F. Cortez Bell, III, for petitioner.

Lisa Jo Fanelli, for respondent.

Before PALLADINO and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Herschel L. Spencer (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) reversing a favorable referee's decision and denying Claimant benefits. The order also finds that Claimant has a non-fault overpayment of $285 which is subject to recoupment.

Claimant last worked for Combined Insurance Company of America (Employer) as a district manager from September 1979 until June 30, 1990. For eighteen months prior to December 31, 1989, Claimant was employed as a salaried regional manager in Eastern Tennessee. Effective January 1, 1990, he was transferred to the position of district manager in Pennsylvania and was paid on a commission basis. Subsequent to his transfer, Claimant received a letter from Employer advising him to complete a form for withdrawal of funds from the employer-operated savings plan and that his account balance in the savings and ESOP was under $3,500. The letter also stated that failure to return the withdrawal form by June 27, 1990 would result in distribution of the account balance as cash with a 20% deduction for federal income tax. Claimant completed and submitted the withdrawal form as instructed, believing that he would be receiving those monies paid into the savings

plan during his tenure as regional manager in Eastern Tennessee.

On or about June 1, 1990, Claimant received payment from the savings plan which appeared to be a total distribution of the amount in the savings and ESOP plan. Despite his surprise at the amount of the distribution which was in excess of $55,000, Claimant used the funds to pay some outstanding bills and reinvested the remainder in certificates of deposit. Employer subsequently realized and made Claimant aware that the distribution was in error and requested return of the funds to the savings plan. Claimant refused to do so because he had spent a substantial portion of the funds and would not make a loan to return his own money to the savings plan. Upon Claimant's refusal to return the money, Employer discharged Claimant to preserve the integrity of the savings plan for its other employees. Through no fault of his own, Claimant received $285 in unemployment compensation benefits for compensable week ending July 14, 1990 to which he is not entitled. Board Findings of Fact Nos. 1–14.

■ The Board concluded that Claimant is ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).[1] The Board reasoned that Claimant was obligated to return the money once he was aware of the error and that his refusal was a disregard of his duties to Employer and a disregard of Employer's interest amounting to willful misconduct. On appeal to this Court, Claimant argues that the Board erred as a matter of law by concluding that Claimant's refusal to return the money constituted willful misconduct; and, that the refusal to return the funds is not related to his duties.

1.  43 P.S. § 802 provides in pertinent part:
    An employe shall be ineligible for compensation for any week—
    ....
    (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work,....

■ This Court's scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, and whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). In addition, since Employer had the burden of proof below and prevailed, this Court must evaluate the evidence in the light most favorable to Employer and give Employer the benefit of all inferences which can logically and reasonably be drawn from the testimony. *White v. Unemployment Compensation Board of Review*, 69 Pa.Commonwealth Ct. 196, 450 A.2d 770 (1982). Hence, the Board's findings of fact are conclusive on appeal so long as the record, taken as a whole, supports them.

■ What constitutes willful misconduct is a question of law to be resolved by this Court. *Heins v. Unemployment Compensation Board of Review*, 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987). This Court has defined willful misconduct to encompass conduct in wanton and willful disregard of the employer's interest; a deliberate violation of an employer's rules; a disregard of the standards of behavior which an employer can rightfully expect from an employee; or negligence manifesting culpability, wrongful intent, evil design, or intentional and substantial disregard for either an employer's interest or an employee's duties and obligations. *Id.; White.*

In the matter *sub judice*, Claimant's refusal to return the funds which were mistakenly disbursed to him amounted to a willful disregard of Employer's interests and was clearly willful misconduct. Claimant testified to the following: contributions to the plan were taken directly from his pay by Employer; he did not expect to receive full distribution from the plan; he had withdrawn funds from the plan before and appreciated how difficult it was to get money out of the plan; he realized when he received the money

that it must have been the full distribution from the plan; he learned from Employer that the money was, in fact, disbursed to him in error; and, he refused to return the money. N.T., pp. 15–18. Employer testified: in order to be in the 401–K savings plan you must be an employee of Combined Insurance Company; federal guidelines determine how funds can be distributed from the plan; in order to receive full distribution, an employee would have to terminate or discontinue employment; full disbursement was mistakenly made to Claimant; and, Employer informed Claimant of the error and requested return of the money. Employer further testified that Claimant was discharged to maintain the integrity of the plan for the 15,000 participating employees. *Id.* at 6, 21. Hence, substantial evidence was presented to the Board to support its findings. Further, this Court finds that the Board correctly reasoned that Claimant's refusal to return the money to the plan was a willful disregard of Employer's interests constituting willful misconduct connected with his work and rendering him ineligible for benefits.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 17th day of January, 1992, the decision of the Unemployment Compensation Board of Review is hereby affirmed.