# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LuAnn B. Batista, : 
　　　　　　　　　Petitioner : 
　　　　　　　　　　　　　　　　:
　　　v. : No. 465 C.D. 2016
　　　　　　　　　　　　　　　　: Submitted: October 7, 2016
Unemployment Compensation :
Board of Review, :
　　　　　　　　　Respondent :

BEFORE:　HONORABLE ROBERT SIMPSON, Judge
　　　　　　HONORABLE JULIA K. HEARTHWAY, Judge
　　　　　　HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**　　　　　　　　**FILED: November 22, 2016**

　　　　LuAnn B. Batista (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision and denied her unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) (relating to willful misconduct). Additionally, the Board determined Claimant did not show good cause for failing to attend the referee's initial hearing, and it declined to consider additional evidence offered on the merits at a remand hearing. She contends the Board's determination that she committed willful misconduct is not supported by substantial evidence. Claimant also asserts she did not attend the initial hearing because she did not receive notice of the hearing. Discerning no error below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

## I. Background

Claimant worked for Reading Health System (Employer) as a full-time, floating intake specialist from December 2008 until September 9, 2015, when Employer discharged her. Claimant applied for UC benefits, which the local service center granted. Employer appealed, and a referee held a hearing.

At the referee's hearing, Employer presented the testimony of its Human Relations Business Partner (Human Relations Business Partner), and its Patient Access Supervisor (Supervisor). Claimant did not attend the hearing.

Based on Employer's evidence, the referee made the following findings. Employer has a policy (Behavior Policy) requiring workers to demonstrate the highest standards of integrity, truthfulness and honesty under any and all circumstances. Employer informed Claimant of the Behavior Policy. Violation of this policy may result in termination. Employer warned Claimant for previous disciplinary violations of its policies. When Employer administered the warning to Claimant on June 15, 2016, Employer informed Claimant this was a final written warning and future violations could result in termination. The final incident leading to Claimant's termination from employment occurred on August 28, 2015. Referee's Op., 10/29/15, Findings of Fact (F.F.) Nos. 3-8.

On the date of the final incident, Supervisor assigned Claimant to work at telephone extension 7538 and her co-worker to work at telephone extension 2460. Claimant called her co-worker five times on the date of the final incident because Claimant was angry regarding an issue with insurance coverage

2

of a patient. Employer's human resources department became aware of this incident on or about September 1, 2015, and conducted an investigation of the incident until September 9, 2015. F.F. Nos. 9-11.

Employer questioned Claimant about the allegation during the investigation. In response, Claimant told Employer she only called her co-worker twice. Employer presented Claimant with telephone records showing there were five calls made from extension 7538 to extension 2460 during a short period of time on the day of the final incident. After being presented with this evidence, Claimant acknowledged she contacted her co-worker four or five times. Employer discharged Claimant based on dishonest behavior as well as alleged inappropriate and unprofessional behavior. F.F. Nos. 12-16.

The referee determined Claimant's dishonesty during the investigation constituted willful misconduct, and, therefore determined Claimant was ineligible for UC benefits pursuant to Section 402(e) of the Law. Claimant appealed to the Board.

Claimant requested a hearing on the basis that she was unable to attend the original hearing because she did not receive the notice of hearing. The Board remanded to referee, acting as the Board's hearing officer, to receive evidence on Claimant's reasons for her non-appearance at the initial hearing and to allow the parties to present additional evidence on the merits if they wished to do so.

At the remand hearing, Claimant, representing herself, testified that in the beginning and middle of October 2015 vandals in her neighborhood scattered her mail about the streets and smashed her pumpkins. Claimant testified her daughter found the mail in the street. Claimant testified she did not have any other issues with mail delivery at her address. Claimant testified she had no knowledge of the initial hearing because she did not receive notice of the hearing. However, she testified she did receive the referee's decision sent on October 29, 2015. Claimant also testified she called the police, but did not make a police report. Referee's Hr'g, Notes of Testimony (N.T.), 12/16/15, at 5-7.

For its part, Employer again presented the testimony of its Human Relations Business Partner and Supervisor. These witnesses testified regarding the merits of Claimant's claim.

After the remand hearing, the Board issued a decision in which it expressly discredited the Claimant's testimony about her mail. Bd. Op., 1/29/16 at 1. In addition, it stated, "The Board does not find the claimant's bald allegations credible." Id. As a result, the Board determined the Claimant did not demonstrate with credible testimony good cause for missing the first hearing, and the Board did not consider the additional evidence on the merits offered at the remand hearing. Id. The Board adopted the Referee's findings and conclusions from the first hearing regarding the merits. Id.

Claimant requested reconsideration of the Board's order, which the Board denied. Claimant now petitions for review.

## II. Issues

On appeal,[2] Claimant contends the Board's findings regarding her termination from employment are not supported by substantial evidence. Specifically, Claimant argues she had proper cause for failing to appear at the initial hearing because she did not receive notice of the hearing. Claimant also argues the reasons for her termination do not constitute willful misconduct. Claimant maintains Employer's policies are not uniformly enforced because another employee received no discipline for her actions; Supervisor was retaliating against Claimant because she reported Supervisor; and, Employer simply "did not like my attitude."[3] For these reasons, Claimant alleges her actions do not amount to willful misconduct.

## III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in the evidence, witness credibility, and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is substantial evidence to support the findings actually made. Id. Where substantial evidence supports the Board's findings, they are conclusive on appeal. Id. In addition, we must examine the testimony in the light most favorable

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

[3] Pet. for Review at ¶3.

5

to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony.  Id.

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion.  Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012); Johnson v. Unemployment Comp. Bd. of Review, 502 A.2d 738 (Pa. Cmwlth. 1986).  "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings."  Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108–09 (Pa. Cmwlth. 1994).

Section 101.24(a) of the Board's regulations, 34 Pa. Code §101.24(a) addresses requests for reopening the record where a party does not attend a scheduled hearing.  It states, in relevant part:

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened.

Id.

Here, the Board's findings regarding Claimant's failure to provide proper cause for missing the initial hearing are amply supported.  The notice of hearing for the initial hearing was mailed to Claimant at 561 East Linden Street,

6

Fleetwood, PA 19522. Certified Record (C.R.), Item No. 8. Claimant confirmed 561 East Linden Street, Fleetwood, PA 19522 was her correct address. N.T., 12/15/16, at 2, 5. Claimant testified she did not receive her notice of initial hearing in the mail. Id., at 5. However, Claimant testified she did receive the notice of determination and did not have any other issues with the receipt of mail at her address of record. Id., at 6-7; C.R., Item No. 19, at 1. Claimant did not file a police report, and she testified she told the police, "I said no one had to come out." N.T., 12/15/16 at 5. Further, Claimant did not notify the postal authorities of the alleged theft of her mail. Id. at 6. The Board expressly discredited Claimant's testimony about her mail. Bd. Op., 1/29/16 at 1.

Claimant also argues the Board erred in determining Employer properly terminated her because her actions constituted willful misconduct. Claimant maintains: Employer did not uniformly enforce its policies because another employee received no discipline for her actions; Supervisor retaliated against Claimant because she reported Supervisor; and, Employer did not like her attitude.

Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week … [i]n which [her] employment is due to [her] discharge … from work for willful misconduct connected with [her] work…." 43 P.S. §802(e). "Willful misconduct" is "behavior evidencing a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's work rules; a disregard of standard of behavior the employer can rightfully expect from its employee; [or], negligence indicating an intentional disregard of the employer's

7

interest or an employee's duties or obligations." Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011, 1015 (Pa. Cmwlth. 2008).

Whether a claimant's actions constitute willful misconduct "is a question of law fully reviewable on appeal." Downey v. Unemployment Comp. Bd. of Review, 913 A.2d 351, 353 (Pa. Cmwlth. 2006). The employer bears the initial burden of proving a claimant engaged in willful misconduct. Ductmate. When asserting a discharge based on a violation of a work rule, an employer must establish the existence of the rule, the reasonableness of the rule, the claimant's knowledge of the rule and its violation. Id.

Because the Board determined Claimant lacked proper cause for her failure to attend the initial hearing, it appropriately did not consider her testimony on the merits at the remand hearing. See Ortiz v. Unemployment Comp. Bd. of Review, 481 A.2d 1383 (Pa. Cmwlth. 1984) (requiring Board to make a determination using record before referee if claimant's absence at referee's hearing was not excused by proper cause); C.R., Item No. 18. Thus, the Board based its decision regarding Claimant's willful misconduct on the evidence of record prior to the remand hearing. Ortiz. To that end, Employer's witnesses established the existence of its Behavior Policy, the reasonableness of that policy, Claimant's knowledge of the Behavior Policy, and Claimant's knowledge that she violated the Behavior Policy. N.T., 12/16/15, at 10, 12, 22; C.R. Item No. 9, Employer Exs. Nos. 1-5.

Thus, the record supports the Board's determination that Employer met its burden of proof under Section 402(e) of the Law, as Claimant violated Employer's Behavior Policy. Ductmate; Dep't of Corr. Claimant's dishonesty amounted to a willful violation of the standards of behavior Employer could expect from an employee. Downey (employee's dishonesty can exhibit a disregard of the employer's interests and disregard of standards of behavior that an employer can rightfully expect from its employees).

## IV. Conclusion

In sum, the Board's findings are supported by substantial evidence. The Board properly determined Claimant did not prove proper cause for failing to appear at the initial hearing. The Board did not err in refusing to consider the additional testimony and evidence offered on the merits at the remand hearing by Claimant. The Board properly determined Employer terminated Claimant from employment for reasons which rise to the level of willful misconduct under Section 402(e) of the Law, and therefore she is ineligible for UC benefits. Accordingly, we affirm.

ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LuAnn B. Batista,                           :
                    Petitioner      :
                                 :
              v.                               :     No. 465 C.D. 2016
                                 :
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent      :

# **O R D E R**

    **AND NOW**, this 22nd day of November, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


                                         _____
                                         ROBERT SIMPSON, Judge