IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Buher,                              :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :        No. 654 C.D. 2017
                    Respondent            :        Submitted:  February 2, 2018


BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  March 5, 2018


          Brian Buher (Claimant) petitions for review of the March 31, 2017
order of the Unemployment Compensation Board of Review (Board) that affirmed
the referee's decision finding Claimant ineligible for benefits under section 402(e)
of the Unemployment Compensation Law (Law),[1] which provides that a claimant
shall be ineligible for benefits in any week in which his unemployment is due to
willful misconduct connected with his work.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

## I. Background

Claimant worked for PMHCC CTT Inc. (Employer) from September 29, 2015 through August 24, 2016. Board Findings of Fact (F.F.) No. 1; Notes of Testimony (N.T.) 10/14/2016 at 5. Employer discharged Claimant for willful misconduct and disregard for standards of behavior an employer can rightfully expect of an employee following Claimant's disruptive behavior after a request that he consider a demotion based on subpar job performance. F.F. Nos. 5-11; N.T. 10/14/2016 at 8.

Claimant applied for unemployment compensation (UC) benefits, which the UC Service Center denied pursuant to section 402(e) of the Law on September 14, 2016. Claimant appealed to a referee, and a hearing was held on October 14, 2016, at which both parties testified.

At the hearing, Employer, who was represented by counsel, presented three witnesses and documentary evidence. Claimant, proceeding *pro se*, testified on his own behalf. Based on the testimony and other evidence presented, the referee determined Claimant's behavior violated Employer's Rules of Conduct against disruptive activity and willful misconduct in the workplace and fell below the standards of behavior Employer had the right to expect. Therefore, the referee concluded Claimant was ineligible for UC benefits under section 402(e) of the Law for willful misconduct.

Claimant appealed to the Board, which affirmed the referee's decision by Decision and Order filed March 31, 2017. *See* Board Decision and Order, March 31, 2017 (Board Decision). Based on the record created by the referee, the Board made the following findings.

Employer maintains Rules of Conduct which prohibit, *inter alia*, disruptive activity and willful misconduct in the workplace, including employee disregard of standards of behavior that an employer can rightfully expect of an employee. F.F. No. 2; *see also* PMHCC Policy Manual (Employer Exhibit 1) at 1. Non-compliance with Employer's Rules of Conduct can result in discipline up to and including termination of employment. F.F. No. 2; *see also* Employer Exhibit 1 at 1; N.T. 10/14/2016 at 9. Claimant signed an acknowledgement of Employer's Rules of Conduct and accordingly was aware, or should have been aware, of the Rules of Conduct. F.F. No. 3; *see also* PMHCC Policies and Procedures Manual Acknowledgement, dated September 29, 2015 (Employer Exhibit 2) at 1.

By August 2016, Claimant held the full-time position of Team Leader for the Extended Care Act Team, a position that included oversight of fifteen employees (fourteen team members and a full-time staff psychiatrist) and which paid Claimant an annual salary of $62,207.08. F.F. Nos. 1, 4; *see also* N.T. 10/14/2016 at 4-5, 8. As a Team Leader, Claimant coordinated team activities to provide services to "at-risk" individuals requiring extensive support services. F.F. No. 4. To provide these services, Claimant's responsibilities included ensuring that his team's clients were seen by a team member three times a week. N.T. 10/14/2016 at 11-12. Despite this mandate, three clients under Claimant's team's care had not been seen by a team member for a month.[2] F.F. 5; *see also* N.T. 10/14/2016 at 11-12.

On August 19, 2016, Employer's Executive Director met with Claimant to discuss his subpar job performance. F.F. Nos. 5 – 6. During the meeting, the Executive Director suggested that Claimant consider accepting a demotion from his

---

[2] Employer's Executive Director explained that, in addition to risking the clients' well-being, such action could compromise Employer's license. N.T. 10/14/2016 at 12.

role as Team Leader to a clinician position. F.F. No. 6; *see also* N.T. 10/14/2016 at 12. Claimant declined the demotion to a clinician position, and the Executive Director asked that Claimant further consider the matter over the weekend. F.F. No. 6; *see also* N.T. 10/14/2016 at 12, 14-15. The Executive Director neither terminated Claimant nor placed him on probation during the August 19, 2016 meeting. N.T. 10/14/2016 at 10-11, 13.

Later on August 19, 2016, Claimant met with his team, explained the Executive Director's suggestion and his refusal thereof, and expressed his beliefs that the staff psychiatrist was a "snitch" and that Claimant was being "scapegoated" and pushed aside in favor of an employee returning from medical leave. F.F. No. 7; *see also* N.T. 10/14/2016 at 14-16.

Thereafter, Employer received reports of Claimant's comments at the August 19, 2016 team meeting and began an investigation. F.F. No. 8; *see also* N.T. 10/14/2016 at 7-8, 10, 16. On August 23, 2016, Claimant asked a case management clinician on his team to lie about his comments regarding the possible snitch and his being pushed out in favor of a returning employee. F.F. No. 9; *see also* N.T. 10/14/2016 at 16-17.

On August 24, 2016, the Executive Director questioned Claimant as part of the investigation. F.F. No. 10. Claimant admitted to the Executive Director that he told his team he felt he was being "scapegoated" and pushed aside for the returning employee. *Id.* As a result of its investigation, Employer terminated Claimant's employment on August 26, 2016 for disruptive behavior in violation of its Rules of Conduct. F.F. No. 11; *see also* N.T. 10/14/2016 at 5.

The Board found that Employer established the existence of its Rules of Conduct warranting employee discharge for disruptive behavior in the workplace

4

and/or disregard for standards of behavior an employer can rightfully expect of an employee. Board Decision at 3. The Board noted that Claimant provided no testimonial or documentary evidence beyond his own testimony to support his explanations regarding his job performance deficiencies. *Id.* Further, the Board found that Claimant's testimony did not credibly explain his disruptive actions, especially considering Claimant's request that another employee lie if questioned, which the Board stated evidenced a consciousness of wrongdoing. *Id.*

Ultimately, the Board affirmed the referee's determination that Claimant was ineligible for UC benefits under section 402(e) of the Law for willful misconduct. Claimant then petitioned this Court for review.[3]

## II. Issues

Claimant contends the Board erred in affirming the referee's determination that Claimant was ineligible for UC benefits under section 402(e) of the Law. *See* Claimant's Brief at 6. Specifically, Claimant argues Employer failed to meet its burden of proving willful misconduct that would make him ineligible for benefits under section 402(e). *See id.* at 13-16.

## III. Discussion

Initially, we note:

the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are

---

[3] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

5

within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board ... may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Compensation Board of Review*, 173 A.3d 1224, 1227–28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

Section 402(e) of the Law provides that an employee will be ineligible for UC benefits for any week in which "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e). The question of whether an employee's actions constitute willful misconduct is a question of law subject to review by this Court. *Reading Area Water Authority v. Unemployment Compensation Board of Review*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016).

For purposes of determining a discharged employee's eligibility for unemployment compensation, the employer bears the burden of proving that the employee engaged in willful misconduct connected with his work. *See* Section 402(e) of the Law, 43 P.S. § 802(e); *Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). This Court has defined willful misconduct as:

> (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

6

*Waverly Heights*, 173 A.3d at 1228 (quoting *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 (Pa. Cmwlth. 2014)). Once the employer establishes a prima facie case of willful misconduct, the burden shifts to the claimant to prove good cause for his actions. *Downey v. Unemployment Compensation Board of Review*, 913 A.2d 351, 353 (Pa. Cmwlth. 2006).

"Where an employer seeks to deny UC benefits based on a work-rule violation, the employer must prove the existence of a work rule, the reasonableness of the rule and the employee's violation of the rule." *Waverly Heights*, 173 A.3d at 1228 (internal citation omitted). An inadvertent or negligent violation of an employer's rule may not constitute willful misconduct. *Chester Community Charter School v. Unemployment Compensation Board of Review*, 138 A.3d 50, 55 (Pa. Cmwlth. 2016). "Thus, a determination of what amounts to willful misconduct requires a consideration of all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Eshbach v. Unemployment Compensation Board of Review*, 855 A.2d 943, 947-48 (Pa. Cmwlth. 2004) (internal quotation marks and citation omitted). Where the employee's action is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct. *Id*. at 948.

As the prevailing party below, Employer is entitled to the benefit of all reasonable inferences drawn from the evidence on review. *See Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Here, Employer terminated Claimant's employment because Claimant engaged in disruptive behavior in violation of Employer's Rules of Conduct after

the Executive Director asked him to consider accepting a demotion due to subpar performance. Employer's Rules of Conduct prohibits, in pertinent part:

- Disruptive activity in the workplace[;]

. . .

- Unsatisfactory performance or willful misconduct – Defined as: a.) Wanton or willful disregard for an employer's interests; b) deliberate violation of an employer's rules; c) disregard for standards of behavior [that] an employer can rightly expect of an employee; or d) negligence indicating an intentional disregard of the employer's interests or an employee's duties or obligations.

Employer's Exhibit 1 at 1. Claimant signed an acknowledgement and was aware of the Rules of Conduct. *See* Employer's Exhibit 2. However, on August 19, 2016, Claimant informed members of his team that he was being demoted and "scapegoated" in favor of another employee. *See* N.T. 10/14/2016 at 10, 14. After investigation and determining his comments amounted to disruptive behavior contrary to the standards of behavior an employer can rightly expect of an employee, Employer discharged Claimant for willful misconduct. *Id.* at 5, 8-10.

Claimant admitted he made the comments in question. N.T. 10/14/2016 at 13. Additionally, Claimant conceded that, despite the fact that it was his job to maintain team cohesion, his actions may have been disruptive. *Id.* at 19. He further conceded that, in retrospect, he should have handled the situation differently by not expressing his thoughts about a possible snitch and/or the returning employee. *Id.* Finally, Claimant conceded that he did, in fact, tell the case

8

management clinician that he felt his job was in jeopardy and asked that she not give an account of his behavior in response to Employer's questions. *Id.*

The facts adduced from Employer's witnesses, together with the documentary evidence presented before the referee, established a prima facie case for Claimant's willful misconduct by disruptive behavior. Far from proving good cause for his actions, Claimant's own testimony, to the extent the Board found it credible, substantiated Employer's conclusions and reasons for Claimant's termination.

Based on the above evidence, we conclude that substantial evidence existed to support the Board's necessary findings of fact upon which it affirmed the referee's denial of UC benefits. Accordingly, we affirm the Board's decision finding Claimant ineligible for UC benefits under section 402(e) of the Law.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Buher,                          :
                Petitioner            :
                                      :
        v.                            :
                                      :
Unemployment Compensation             :
Board of Review,                      :        No. 654 C.D. 2017
                Respondent            :

# O R D E R

AND NOW, this 5th day of March, 2018, the order of the Unemployment Compensation Board of Review dated March 31, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge