IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence J. Guido,                          :
                          Petitioner        :
        v.                                  :    No. 1218 C.D. 2021
                                            :    Submitted: August 19, 2022
Unemployment Compensation                   :
Board of Review,                            :
                          Respondent        :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED: October 27, 2022


        Lawrence J. Guido (Claimant) petitions for review of the September 20, 2021
order of the Unemployment Compensation Board of Review (Board) that affirmed
the Referee's determination and denied Claimant unemployment compensation
(UC) benefits under Section 402(e) of the Unemployment Compensation Law (UC
Law)[1] and held him liable for a non-fault overpayment of benefits pursuant to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e)
(providing that an employee is ineligible for UC benefits when his separation from employment is
due to willful misconduct connected with his work).

Section 804(b)[2] of the UC Law.  For the following reasons, we affirm the Board's decision.

## BACKGROUND

Claimant worked as a part-time cashier at Big Lots Stores, Inc. (Employer) from December 7, 2015, through September 17, 2020.  Reproduced Record (R.R.) at 120a.  On September 17, 2020, Claimant became upset and used vulgar language toward a co-worker.  *Id.*  Despite being scheduled to work until 9:30 p.m., Claimant walked out of the store, without speaking to his supervisor, at 8:15 p.m.  *Id.*  Claimant did not return on September 17, 2020, to finish his shift.  *Id.*  On September 18, 2020, Claimant reported to work, and Employer discharged Claimant.  *Id.*

Claimant filed a claim for UC benefits, which a UC Service Center denied in a Notice of Determination dated February 22, 2021.  R.R. at 55a.  The UC Service Center concluded that Claimant failed to report to work due to issues with a co-worker.  *Id.*  It held that Claimant failed to show that his reason for quitting was necessitous and compelling, and it denied Claimant UC benefits pursuant to Section 402(b) of the UC Law.[3]  *Id.*  Additionally, the UC Service Center assessed a non-fault overpayment of $2,036 pursuant to Section 804(b).  *Id.* at 51a.

Claimant appealed to a UC Referee, who held a telephone hearing on April 21, 2021, in which Claimant participated pro se.  R.R. at 94a.  Jeanette Koptler, Employer's service lead (Supervisor), testified on behalf of Employer.  The Referee issued a decision on April 26, 2021, and made the following relevant findings:

---

[2] 43 P.S. § 874(b) (providing that any person who has received UC benefits to which he was not entitled shall not be liable for repayment, but is liable to have the sum deducted from any future compensation payable to him during a specific timeframe).

[3] 43 P.S. § 802(b) (providing that an employee who voluntarily terminates his employment without a necessitous and compelling reason is ineligible for benefits).

2

1. [Claimant] was employed as a [c]ashier for [Employer] with a final rate of pay of $10.40 per hour on a part-time basis, with [Claimant] working between 12 and 16 hours per week.

2. [Claimant] began his employment with [Employer] on December 7, 2015 (Exhibit 18).

3. [Claimant's] last date of work was September 17, 2020.

4. [Claimant] was discharged by [Employer] for vulgar language and job abandonment.

5. [Claimant] had told a co-worker identified as Dani to "F off[.]"

6. [Claimant] also became upset due to the incident and walked out of the store at 8:15 p.m.

7. [Claimant] was scheduled to work until 9:30 p.m.

8. [Claimant] did not attempt to speak with [Supervisor] prior to walking out.

9. [Claimant] did not attempt to return to finish his shift on September 17, 2020.

10. [Claimant] was discharged when he reported for work on September 18, 2020.

11. [Claimant] received $2,036 in [UC] benefits.

R.R. at 109a-10a. The Referee proceeded under Section 402(e) of the UC Law and concluded that Employer met its burden of proving that Claimant was discharged from employment for reasons that rose to the level of willful misconduct and that Claimant had a non-fault overpayment of benefits. *Id*. at 111a. The Referee noted that "even if [he] were to agree with [Claimant's] contention that he was provoked to use profanity[,]" he could not "condone [Claimant's] unilateral decision to walk out of work approximately an hour and 15 minutes prior to the end of his shift without permission from his supervisor." R.R. at 121a.

Claimant appealed to the Board, which issued a decision on September 20, 2021. The Board affirmed the Referee's decision, adopting and incorporating the Referee's findings and conclusions with slight adjustments.[4] *Id*. at 118a. The Board

---

[4] The Board stated it was adopting the Referee's findings with the following exception: "in the Referee's discussion, he states that [Claimant] was provoked by his being unable to collect **(Footnote continued on next page…)**

3

rejected Claimant's argument that he spoke to Supervisor about the issues with his co-worker before he left the workplace. *Id.* It found credible Supervisor's testimony that Claimant only mentioned the issue when he telephoned her after leaving the workplace. *Id.* Additionally, the Board rejected Claimant's argument that he had good cause to leave work early due to his history of panic attacks, finding that Claimant's "history of panic attacks may have been good cause for leaving work early," but that did "not explain why he neglected to ask [Supervisor] for permission before he left work." *Id*. at 119a. The Board held that Employer "met its burden to prove that [Claimant's] leaving work early without permission and his use of profanity was willful misconduct." *Id*. at 119a.

Claimant now petitions for review of the Board's order.

### ISSUES RAISED ON APPEAL

On appeal, Claimant argues that the Board erred in affirming the Referee's decision because Claimant did not engage in willful misconduct. Claimant's Br. at 12. Claimant argues that the Board erred in determining that Employer met its burden of establishing willful misconduct because it "presented no evidence that Claimant violated a work rule when he left the premises early[.]" *Id*. at 14-15. Additionally, Claimant asserts that there was insufficient evidence of record to support the Referee's findings as adopted by the Board to support the Board's finding of willful misconduct. *Id*. at 17-18. Finally, Claimant contends that the Board's finding that he has a non-fault overpayment under Section 804(b) of the UC Law is "incorrect."[5] *Id*. at 24.

---

shopping carts and smoke a cigarette. This is inaccurate. [Claimant] testified that he was provoked by his co-worker's comment about helping [Claimant] with a 're-shop cart.'" R.R. at 118a.

[5] In Claimant's Brief, he contends only that the Board's finding that he has an overpayment is incorrect because Employer failed to meet its burden of proving willful misconduct.

4

The Board responds that its findings that Claimant used vulgar language to a co-worker and left work early without permission were supported by substantial competent evidence. Board's Br. at 4. The Board further asserts that the evidence was sufficient to establish that Claimant (1) leaving work during his shift without permission or good cause constituted willful misconduct and (2) unjustifiably using vulgar language at work constituted willful misconduct. Board's Br. at 10-12.

**DISCUSSION**

In reviewing unemployment compensation orders, this Court considers whether the adjudication is supported by substantial evidence and whether it violates a claimant's constitutional rights, the law, or agency practice or procedure. 2 Pa. C.S. § 704. In Board decisions, the Board is the ultimate fact finder and its findings "are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support [its] findings." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). The mere fact that record evidence "could support a contrary conclusion" does not mean that the Board's "findings of fact are not supported by substantial evidence." *Johnson v. Unemployment Comp. Bd. of Rev.*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonable be drawn[.]" *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

Section 402(e) of the UC Law provides that an employee is ineligible for UC benefits for any week in which "his unemployment is due to his discharge or

5

temporary suspension from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e). While the term willful misconduct is not defined by statute, this Court has defined it as follows:

> (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

*Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 (Pa. Cmwlth. 2014).

Whether a claimant's actions constitute willful misconduct is a question of law subject to review by this Court. *Reading Area Water Auth. v. Unemployment Comp. Bd. of Rev.*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016). The employer bears the burden of proving asserted willful misconduct. 43 P.S. § 802(e); *Adams v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). Once an employer establishes a prima facie case of willful misconduct, the burden shifts to the claimant to prove that he had good cause for his actions. *Downey v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 351, 353 (Pa. Cmwlth. 2006). To show that he had good cause for his actions, a claimant must show that such actions were "justifiable and reasonable under the circumstances." *Docherty v. Unemployment Comp. Bd. of Rev.*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006).

A determination of what amounts to willful misconduct requires a consideration of all of the surrounding circumstances. *Eshbach v. Unemployment Comp. Bd. of Rev.*, 855 A.2d 943, 947-48 (Pa. Cmwlth. 2004). Leaving work early without giving an employer notice constitutes "absenteeism which may rise to the level of willful misconduct." *Thompson v. Unemployment Comp. Bd. of Rev.*, 381 A.2d 1024, 1026 (Pa. Cmwlth. 1978). An employer has "the right to expect that his

6

employees will attend work when they are scheduled, that they will be on time[,] and that they will not leave work early without permission." *Fritz v. Unemployment Comp. Bd. of Rev.*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982). An employee's absence from work without his employer's permission violates the standards of behavior "which the employer has the right to expect of his employees, even though they may not be expressly set forth in the written or verbal contract." *Blystone v. Unemployment Comp. Bd. of Rev.*, 342 A.2d 772, 773 (Pa. Cmwlth. 1975). It is an act "so inimical to the employer's best interests that discharge [is] a natural result." *Id*. at 773.

While absenteeism, including absenteeism due to walking off the job, is grounds for discharge of an employee, it is not, in and of itself, a sufficient basis for a denial of UC benefits. *Vargas v. Unemployment Comp. Bd. of Rev.*, 486 A.2d 1050 (Pa. Cmwlth. 1985). To warrant the denial of benefits, in addition to showing absenteeism, the employer must also demonstrate one of the following: "(1) excessive absenteeism; (2) failure to notify the employer in advance of the absence; (3) lack of good or adequate cause for the absence; (4) disobedience of an employer's policy or (5) disregard of warnings." *Id*. at 1052 (citation omitted).

Here, the Board found that during his shift on September 17, 2020, Claimant was upset, Claimant told a co-worker to "F off," and Claimant walked out of work at 8:15 p.m., which was approximately an hour and 15 minutes prior to the end of his shift. The Board credited Supervisor's testimony that Claimant failed to notify Supervisor before leaving work on that date. The Board rejected Claimant's argument that he left work due to a history of panic attacks, finding that it did not justify leaving work without first notifying Employer. The Board's findings are supported by substantial evidence of record including Claimant's testimony and

7

Supervisor's testimony. Additionally, Claimant's failure to notify Supervisor before walking out of work early, just after his profane outburst at his co-worker, constitutes sufficient evidence to support the Board's finding of willful misconduct. Thus, the Board did not err in determining that Claimant was ineligible for UC benefits under Section 402(e) of the UC Law.[6] Because the Board did not err in determining that Claimant was ineligible for UC benefits, its assessment of the non-fault overpayment was appropriate.[7]

Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

---

[6] Because we conclude that Claimant's walking out of work before the end of his shift without permission from or notice to his employer is a sufficient basis to establish willful misconduct, we need not address whether Claimant's use of vulgarity, in and of itself, is a sufficient basis to establish willful misconduct.

[7] Because the $2,036 overpayment is a non-fault overpayment under Section 804(b)(1) of the UC Law, Claimant will not be required to repay that amount, but it may be "deducted from any future compensation payable to him[.]" 43 P.S. § 874(b)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence J. Guido,              :
              Petitioner     :
      v.                :   No.  1218 C.D. 2021
                       :
Unemployment Compensation  :
Board of Review,          :
            Respondent   :

# **O R D E R**

**AND NOW**, this 27th day of October, 2022, the Unemployment Compensation Board of Review's September 20, 2021 order is **AFFIRMED**.

_____
STACY WALLACE, Judge